IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN B. GUSTAITIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-2787-X-BN |
| | § | |
| KRISTI NOEM, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, ET AL., | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff John B. Gustaitis filed this *pro se* lawsuit alleging discrimination based on a disability and age in connection with the determination that he was disqualified from being considered for a Transportation Security Officer ("TSO") in 2015. *See* Dkt. No. 1.

United States District Judge Brantley Starr referred Gustaitis's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 663(b) and a standing order of reference.

First noting that "[a] final agency decision was made in September 2023 holding that Plaintiff failed to prove [the] TSA discriminated against him," Defendant Homeland Security Secretary Markwayne Mullins moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 18.

Gustaitis responded, and Mullins replied. *See* Dkt. Nos. 19, 21, & 22.

And, for the reasons and to the extent set out below, the Court should grant

the motion and dismiss the complaint.

**Legal Standards**

Considering dismissal under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random

puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.”).

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions.

So, while a court must accept a plaintiff’s factual allegations as true, it is “not bound to accept as true a legal conclusion couched as a factual allegation.” *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (“[T]he court does not ‘presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.’” (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

In sum, “to survive” dismissal under *Twombly* and *Iqbal*, plaintiffs must “plead facts sufficient to show” that the claims asserted have “substantive plausibility” by stating “simply, concisely, and directly events” that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (While “*[p]ro se* complaints receive a ‘liberal construction,’” “mere conclusory allegations on a critical issue are insufficient.” (cleaned up)).

**Analysis**

Gustaitis's disability discrimination claims must be brought under the Rehabilitation Act ("RA"), not the Americans with Disabilities Act ("ADA"), as the RA "is the exclusive remedy for federal employees." *Cavada v. McHugh*, 589 F. App'x 717, 718 (5th Cir. 2014) (per curiam) (footnote omitted); *see also Higbie v. Kerry*, 605 F. App'x 304, 307 (5th Cir. 2015) (per curiam) ("[T]he ADA excludes the United States from its definition of an employer, so the ADA is also unavailable to Higbie, a federal employee." (citing 42 U.S.C. § 12111(5)(B)(i); *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003))).

And, even though "[t]he provisions of the ADA are made applicable to federal employees through the [RA]," *Crawford v. U.S. Dep't of Homeland Sec.*, 245 F. App'x 369, 380 n.6 (5th Cir. 2007) (per curiam), "the Aviation and Transportation Security Act ('ATSA'), 49 U.S.C. § 44935, precludes any claim of disability discrimination" here, *Kaswatuka v. U.S. Dep't of Homeland Sec.*, 7 F.4th 327, 330 (5th Cir. 2021):

> The ATSA affords the TSA Administrator discretion in developing employment standards for airport security screeners. [49 U.S.C.] § 114(e). The ATSA states that "[t]he Administrator shall establish qualification standards for individuals to be hired ... as security screening personnel. *Notwithstanding any other provision of law*, those standards shall require, at a minimum, an individual ... to meet such other qualifications as the Administrator may establish[.]" 49 U.S.C. § 44935(e)(2)(A)(iv) (emphasis added). It also explains that "[n]otwithstanding any other provision of law," screeners must "possess basic aptitudes and physical abilities, including color perception, visual and aural acuity, physical coordination, and motor skills[.]" 49 U.S.C. § 44935(f)(1)(B).
>
> "[T]he use of ... a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section." *Cisneros v. Alpine Ridge Grp.*, 508 U.S. 10, 18 (1993). As sections of the ATSA conflict with

> the Rehabilitation Act, many courts have held that "the language of the ATSA plainly precludes security screeners from bringing suit under certain of the federal employment statutes ... including the Rehabilitation Act."

*Id.*

And the Court is bound by this published decision of the United States Court of Appeals for the Fifth Circuit notwithstanding published out-of-circuit authority that seems to reach an opposite conclusion. *See generally Simone v. Sec'y of Homeland Sec., U.S. Dep't of Homeland Sec.*, 156 F.4th 1212 (11th Cir. 2025).

So, turning to the age discrimination components of the complaint, when a court applies the applicable pleading standards to such a claim, the complaint "need not contain specific facts establishing a prima facie case of discrimination under the framework set forth ... in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (cleaned up); *accord Hamilton v. Dall. Cnty.*, 79 F.4th 494, 502 n.45 (5th Cir. 2023) (en banc).

"But a plaintiff is still required to plead sufficient facts *on all of the ultimate elements* of [each] claim." *Norsworthy*, 70 F.4th at 336 (cleaned up; emphasis in original).

And, where "a plaintiff alleges discrimination under the ADEA based on circumstantial evidence, the court can use the *McDonnell Douglas* framework as a helpful reference when determining whether a plaintiff has plausibly alleged the ultimate elements of her claim." *Gibbs v. Kipp Tex. Pub. Schs.*, No. 3:25-cv-3022-D, 2026 WL 2667532, at *6 (N.D. Tex. Sept. 10, 2026) (citing *Norsworthy*, 70 F.4th at 336).

For example, after setting out the ultimate-elements-pleading standard in *Norsworthy*, the Fifth Circuit then explained that,

> "[t]o establish a prima facie case of [age] discrimination under [the ADEA and its Texas law equivalent], the plaintiff must establish that 'she (1) was a member of the protected class [forty years of age or older], (2) was qualified for the position at issue, (3) suffered a final, adverse employment action, and (4) was either (a) replaced by someone [outside the protected class] or (b) otherwise treated less favorably than others who were similarly situated but outside the protected class.'"

70 F.4th at 337 (quoting *Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 321-22 (5th Cir. 2021) (in turn quoting *Tex. Tech Univ. Health Scis. Ctr. – El Paso v. Flores*, 612 S.W.3d 299, 305 (Tex. 2020))).

The Fifth Circuit next noted that it

> agree[d] with the district court that Norsworthy did not allege sufficient facts for this claim. For example, the complaint offers nothing about Norsworthy's qualifications for the promotions. It also provides little to nothing about what the positions actually were and what the ages and qualifications were of those who were given promotions. Pleading standards are not meant to be stringent, but more is required than this "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

*Id.*

Similarly, Gustaitis's complaint lacks facts from which the Court may reasonably infer that he suffered discrimination based on age where he first fails to specifically allege his age and, even accepting that he may fall in the protected class, the complaint offers only an unadorned assertion that Gustaitis "believe[s] [his] claims are rooted in age discrimination as TSA attempted to filter out proper of my age from joining their workforce for positions they were well qualified for" because "[i]n a previous EEOC discovery TSA refused to provide the requested data to show

age discrimination." Dkt. No. 1 at 7; *accord Gibbs v. Kipp Tex. Pub. Schs.*, No. 3:25-cv-3022-D, 2026 WL 2667532, at *6 ("As a preliminary matter, Gibbs does not allege the age or race of any of the four employees whom she has identified. Nor has she plausibly alleged that she was treated less favorably under 'nearly identical circumstances.'" In sum, "[h]er allegations lack factual detail and are insufficient to enable the court to draw the reasonable inference that her coworkers who were not black or over the age of 40 were treated more favorably under nearly identical circumstances." (cleaned up)); *Stanwyck v. City of Rhome*, No. 4:24-cv-346-O-BP, 2025 WL 1176382, at *10 (N.D. Tex. Apr. 4, 2025) ("Stanwyck's Complaint is devoid of any allegations that support a cause of action for age discrimination. He does not allege any facts to show that he was qualified for a position, that he was forced to resign due to his age, that the City replaced him with a younger person, or that he was treated differently than younger employees. Without even an allegation of discrimination based on his age, Stanwyck's Complaint lacks the facts to support the inference of a violation under the ADEA. Claiming a violation of the ADEA, without supporting facts, is insufficient 'to raise a right to relief above the speculative level.'" (quoting Twombly, 550 U.S. at 555; citations omitted)), *rec. accepted*, 2025 WL 1160001 (N.D. Tex. Apr. 21, 2025).

In sum, the motion should be granted and the complaint dismissed.

That said, the opportunity to file objections to these findings, conclusions, and recommendation (as further explained below) allows Gustaitis an opportunity to show that this case should not be dismissed and that the Court should instead grant

leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

Still, the Court should dismiss this lawsuit with prejudice if Gustaitis fails to file timely objections that show a basis to amend to allege a plausible claim – that is, one supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**Recommendation**

The Court should grant the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) [Dkt. No. 18] and, unless Plaintiff John B. Gustaitis shows through timely objections a basis to amend the complaint to allege a plausible claim, the Court should dismiss this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 19, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE